UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY E. SALSBERRY,            )<br>                                              )<br>         Plaintiff,                          )<br>                                              )<br>     v.                                       )<br>                                              )<br>MICHAEL J. ASTRUE,               )<br>Commissioner of Social Security, )<br>                                              )<br>         Defendant.                       )<br>_____) | NO. EDCV 07-601 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Beverly E. Salsberry filed this action on May 30, 2007. Pursuant to 28 U.S.C. § 636(c), the parties filed Consents to proceed before Magistrate Judge Rosenberg on June 15, 2007. On January 30, 2008, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the Commissioner's decision.

///

///

///

///

**I.**

**PROCEDURAL BACKGROUND**

On December 15, 2005, Salsberry filed a Title II application for disabled widow's benefits. A.R. 15. On October 23, 2003, Salsberry filed an application for supplemental security income benefits. *Id.* The application was denied initially and on reconsideration. A.R. 29-30. Salsberry requested a hearing. A.R. 44. The Administrative Law Judge ("ALJ") conducted a hearing on July 24, 2006, at which Salsberry and a vocational expert testified. A.R. 341-360. On October 12, 2006, the ALJ issued a decision denying benefits. A.R. 12-22. On October 23, 2006, Salsberry filed a request for review of the ALJ's decision. A.R. 9. On March 22, 2007, the Appeals Council denied the request for review. A.R. 5-8. This lawsuit followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///

2

# III.

# DISCUSSION

## A. Definition of Disability

"A person qualifies as disabled, and thereby eligible for such benefits, 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation omitted).

## B. The ALJ's Findings

The ALJ found that Salsberry has the following severe impairment: blindness in the right eye. A.R. 17. He found that Salsberry had "the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently. Pushing and pulling are consistent with lifting and carrying restrictions. Out of an 8-hour workday, the claimant is able to stand and/or walk for 6 hours and sit for 6 hours. The claimant is able to balance, stoop, kneel, crouch, crawl, and climb ramps and stairs occasionally, but she is precluded from climbing ladders, ropes, and scaffolds. The claimant is limited in far acuity and she is precluded from jobs requiring depth perception, exact vision with very small objects, or binocular vision. She is precluded from working at heights or around dangerous machinery." A.R. 18.

The ALJ found that Salsberry could perform her past relevant work as a dog bather and store laborer. A.R. 21.

## C. Whether the Appeals Council Properly Considered the Opinion of a Treating Physician

The Appeals Council received a form from Dr. Dao, dated July 18, 2006, as additional evidence. A.R. 8, 338-340. If "new and material evidence is submitted," the Appeals Council "shall evaluate the entire record including the

new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. §§ 404.970(b), 416.1470(b). The Appeals Council will then "make a decision or remand the case to an administrative law judge." 20 C.F.R. § 404.979. The Appeals Council "may affirm, modify or reverse the administrative law judge hearing decision." *Id.* Here, the Appeals Council concluded that the information "does not provide a basis for changing the Administrative Law Judge's decision." A.R. 6. Salsberry argues that the Appeals Council erred.

Given that the Appeals Council considered Dr. Dao's form in the context of denying review, this Court also considers the reports.[1] *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000).

Salsberry argues that Dr. Dao's report is "new and material evidence" that the ALJ must consider. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Salsberry must demonstrate that "there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Id.* (citation omitted). "[T]he mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (citation omitted).

Here, Salsberry does not show a reasonable possibility that the new evidence would have changed the outcome. Salsberry characterizes Dr. Dao as a treating physician. JS 3. "We will not consider an acceptable medical source to

---

[1] The parties have not cited any authority establishing this Court's jurisdiction to review a denial of review by the Appeals Council. 42 U.S.C. § 405(g) (district court may review a "final decision of the Commissioner of Social Security"); *Matthews v. Apfel*, 239 F.3d 589, 594 (9th Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review.").

4

be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability." 20 C.F.R. § 404.1502. Here, the only document in the record by Dr. Dao is his "Medical Opinion Re: Ability to do Work-Related Activities (Physical)" in support of Salsberry's claim for disability. The report does not contain any diagnosis, any medical findings, or any other indication that Dr. Dao examined Salsberry or oversaw her care even once for the purpose of treating her. A.R. 338-340; *Benton v. Barnhart*, 331 F.3d 1030, 1037-39 (9th Cir. 2003).

Even assuming that Dr. Dao is a treating physician, there is no reasonable possibility that the new evidence would change the outcome. Dr. Dao's report is conclusory and not supported by any diagnosis or medical findings whatsoever. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (treating physician opinion that is brief, conclusory, and inadequately supported by clinical findings may be rejected). Dr. Dao did not explain the basis of his check-the-box report.[2] *Batson v. Commissioner of the Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly rejected treating physician's conclusory check-list report); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ may reject check-off reports that did not contain explanation of bases of the conclusions). Dr. Dao states only that Salsberry was assaulted in 2003, a matter already considered by the ALJ. A.R. 18, 339.[3]

---

[2] The form specifically asks the physician to "[i]dentify the particular medical findings (e.g., physical examination findings, x-ray findings, laboratory test results, history, symptoms (including pain), etc.) which support your opinion regarding any limitations." A.R. 338. The form explained that "it is important that you relate particular medical findings to any reduction in capacity; the usefulness of your opinion depends on the extent to which you do this." *Id.*

[3] Because the new evidence is not material, the Court does not reach the issue of whether Salsberry must show good cause for submitting new evidence to the Appeals Council. *Mayes*, 276 F.3d at 461 n.3. Salsberry does not explain why Dr. Dao's report was not submitted to the ALJ.

### D. Whether the ALJ Properly Rated a Mental Impairment

At step two of the sequential analysis, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

> Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. 516.908. "[T]he impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"[4] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)). "If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied." *Id.* at 141.

The Ninth Circuit has held that "[a]n impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted). Step two is "'a de minimis screening device [used] to

///

---

[4] The ability to do basic work activities includes "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "capacities for seeing, hearing, and speaking," "understanding, carrying out, and remembering simple instructions," "use of judgment," "responding appropriately to supervision, co-workers, and usual work situations," and "dealing with changes in a routine work setting." *Yuckert*, 482 U.S. at 141 (internal quotation marks omitted).

dispose of groundless claims'" and the ALJ's finding must be "'clearly established by medical evidence.'" *Id.* at 687 (citations omitted).

Salsberry argues that the ALJ erred in finding that she did not have a medically determinable mental impairment or, alternatively, failed to develop the record as to her depression.

The ALJ's conclusion that Salsberry does not have a medically determinable mental impairment of depression is supported by substantial evidence. The ALJ noted that the medical records (which cover the period 2003-2005) do not contain any symptoms, complaints or diagnosis of depression or difficulty concentrating. A.R. 18. The ALJ's summary of the medical records is correct. *See* A.R. 124 (alert and oriented), 187 (alert, oriented, talkative), 211, 224, 241, 254, 274 (psych - within normal limits), 280, 289, 301, 311-312 (oriented X 3, normal baseline mental status), 325. Dr. Dao's report dated July 18, 2006 (submitted to the Appeals Council) also does not identify any mental impairment. A.R. 340. A medical impairment cannot be established by Salsberry's subjective testimony alone. 20 C.F.R. § 404.1508; 20 C.F.R. 516.908.

Based on the record before him, the ALJ did not have a duty to develop the record further about depression. It is the claimant's duty to prove she is disabled. *Mayes*, 276 F.3d at 459; *see* 42 U.S.C. § 423(d)(5)(A) (the claimant must furnish medical and other evidence of her disability); 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have impairment(s) and how severe it is during the time you say you are disabled.").

"The ALJ . . . has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations and internal quotation marks omitted). "When the claimant is unrepresented, . . . the ALJ must be especially diligent in exploring for all the relevant facts." *Id.* (citation omitted). "The ALJ's

7

duty to develop the record fully is also heightened where the claimant may be mentally ill and thus unable to protect her own interests." *Id.* (citation omitted).

Here, Salsberry was represented by counsel. A.R. 15, 341. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes*, 276 F.3d at 459-60 (citation omitted). The ALJ may satisfy this duty by "subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan*, 242 F.3d at 1150 (citations omitted).

The medical evidence here is not ambiguous. As discussed above, no medical records before the ALJ indicated any symptoms or diagnosis of depression. Dr. Dao's report, submitted to the Appeals Council, also did not indicate any mental impairment. *Cf. Celaya v. Halter*, 332 F.3d 1177, 1182-83 (9th Cir. 2003) (ALJ should have considered obesity where the existence of obesity was clear from the medical records). Nor did the ALJ or any physician find that the record was inadequate. *Cf. Tonapetyan*, 242 F.3d at 1150 (duty to develop record when ALJ relied on physician who diagnosed depression, found it "difficult to say" whether medical record was complete enough, stated he would "have to see more evidence" before rendering an opinion, and testified a more complete report would change his opinion). Under these circumstances, the ALJ had no duty to develop the record further. *See Mayes*, 276 F.3d at 459-60.

Salsberry focuses on the ALJ's statement that Salsberry did not seek treatment for symptoms of depression or concentration problems. A.R. 18, 21, 349. At the hearing, the ALJ questioned Salsberry about the County of San Bernardino's free service and asked whether she had gone to a case counselor

///
///

to fill out the paperwork. Salsberry testified that she had not.[5] A.R. 21, 349. Salsberry's citations are inapposite. In *Regennitter v. Commissioner of Social Security Administration*, 166 F.3d 1294 (9th Cir. 1999), the examining physician diagnosed major depression, post-traumatic stress disorder, nightmare disorder and panic disorder, and found that the claimant exceeded a listed impairment. *Id.* at 1298. The Ninth Circuit held that the ALJ erred in rejecting the examining physician's opinion. *Id.* at 1299. Specifically as relevant here, the Ninth Circuit stated that the claimant's failure to seek treatment was not a valid reason for the ALJ to reject the examining physician's opinion. *Id.* at 1299-1300; *see Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (claimant's failure to seek treatment is not a legitimate reason to reject psychologist's opinion). By contrast, no medical source diagnosed Salsberry with depression.

### E. Salsberry's Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter*, 504 F.3d at 1035-36.

At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (citations omitted). Here, the ALJ found that Salsberry's "medically determinable impairments could reasonably be expected to produce the alleged symptoms." A.R. 20.

"Second, if the claimant meets this first test, and there is no evidence of malingering,[6] 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing

---

[5] Salsberry did not identify depression as the basis for her application for benefits. A.R. 68; *see* A.R. 80, 87-88, 96.

[6] The ALJ did not find that Salsberry was a malingerer.

9

so.'" *Lingenfelter*, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted).

"If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas*, 278 F.3d at 959 (citation omitted); *Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 600 (9th Cir. 1999).

The ALJ found that Salsberry was not sufficiently credible to warrant more restrictive limitations in her RFC. A.R. 20-21. The ALJ based his finding on four factors: (1) treatment records do not support her claims (A.R. 18-21); (2) successful treatment, conservative treatment, lack of treatment or inconsistent treatment for various allegations (A.R. 20-21); (3) daily activities (*Id.*); and (4) a social security representative's telephone interview with Salsberry (*Id.*).

Although the absence of medical records supporting Salsberry's allegations is not sufficient alone to discount her credibility, it is a factor that may be considered by the ALJ. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). In addition, the ALJ noted inconsistencies between Salsberry's allegations and the medical records. For example, whereas Salsberry testified that she is sick to her stomach all the time (A.R. 346), notations in medical records indicate no nausea/vomiting (A.R. 20, 286). As another example, Salsberry testified that she is dizzy, yet medical records note a steady gait. A.R. 21, 229, 247.

The ALJ may consider an unexplained lack of treatment or inconsistent treatment in assessing credibility. *Burch*, 400 F.3d at 681; *Thomas*, 278 F.3d at 958-59; *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (doctor's failure to prescribe, and claimant's failure to request, serious medical treatment for

debilitating pain is relevant factor in assessing credibility). The ALJ may also consider that Salsberry had conservative treatment. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (ALJ may discount claimant's testimony based on conservative treatment), *cert. denied*, 128 S. Ct. 1068 (2008). Finally, the ALJ may consider whether the claimant's impairments can be controlled with treatment. *Warre v. Commissioner of the Social Security Administration*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.") (citation omitted).

The ALJ reviewed all medical records with respect to Salsberry's complaints of head and neck pain, dizziness, nausea and depression. In summary, the ALJ found that Salsberry's "injuries have healed and stabilized within 12 months of onset and subsequent medical treatment and medication has been routine and conservative and on an as needed basis with no indication that it should be any more aggressive." A.R. 20-21. The ALJ noted no treatment for any significant residual head and neck problems after recovery from the surgery. A.R. 18, 21, 109, 138. Salsberry was seen for positional vertigo in 2004 and underwent the Epley maneuver, which helped. A.R. 19, 160. In 2005, examinations indicated that symptoms of vertigo were likely the result of anemia secondary to heavy vaginal bleeding. Salsberry was seen one more time in November 2005 for dizziness, with findings indicating low iron levels. A.R. 19-20, 223, 287. The ALJ noted that Salsberry is seen on an as needed basis for infection of her right tear duct and receives conservative treatment consisting of drainage and antibiotics. A.R. 19, 203, 215, 247. The ALJ noted that Salsberry often denied pain symptoms. A.R. 19; *e.g.*, A.R. 229, 247. There is no indication that Salberry requested or received pain medication on an ongoing, regular basis. A.R. 19. The ALJ also noted that Salsberry never sought treatment for her alleged depression despite the availability of free services under the Medically

11

Indigent Services Program for persons who do not qualify for Medi-Cal and are unable to pay. A.R. 21.

The ALJ may properly consider Salsberry's daily activities in assessing credibility. The ALJ found that Salsberry "was independent for all self-care activities," including "caring for animals, taking care of the house, and making her bed." A.R. 21, 78-80; *see also* A.R. 353-354. These activities are relevant to her ability to do past relevant work as a dog groomer. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Only if the level of activity were inconsistent with the Claimant's claimed limitations would these activities have any bearing on Claimant's credibility.").

Salsberry argues that the ALJ erred in relying upon a social security representative's interview with her as supporting evidence. The ALJ found "no evidence to support limitations in speaking or working with the public." A.R. 20. The ALJ noted that there is no evidence of any residual jaw or speech condition. A.R. 20. In addition, the ALJ cited the interview as one piece of evidence that Salsberry is able to talk, answer and be coherent with the public. A.R. 21. Even assuming, without deciding, that reliance on an interview was error, any error was harmless in light of the substantial evidence supporting the ALJ's credibility finding. *See Batson*, 359 F.3d at 1197 ("[a]ny error the ALJ may have committed in assuming that Batson was sitting while watching television . . . was in our view harmless and does not negate the validity of the ALJ's ultimate conclusion that Batson's testimony was not credible") (citation omitted).

### F. <u>Hypothetical to Vocational Expert</u>

The ALJ may rely on testimony a vocational expert gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss*, 427 F.3d at 1217-18 (citation omitted). The ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock*,

240 F.3d at 1165. The ALJ need not accept testimony in response to a hypothetical that contained restrictions the ALJ rejected. *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989).

Salsberry's argument that the ALJ's hypothetical to the VE was incomplete rests entirely on the ALJ's omission of mental impairment limitations. JS 21. Given that the ALJ did not err in finding that Salsberry did not suffer from a severe mental impairment and discounting Salsberry's credibility, this argument fails.

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: April 28, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge